**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

AARON WELCH, SR.,

                        Plaintiff,

        v.                                      1:22-CV-9
                                                         (DNH/DJS)

SCHENECTADY COUNTY, *et al.*,

                        Defendants.
_____

**APPEARANCES:**

AARON WELCH, SR.
Plaintiff, *Pro Se*
14-B-149
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Plaintiff filed this action seeking to assert claims under the federal civil rights statutes. Dkt. No. 1. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 5, which the Court has granted.

- 1 -

# I. SUFFICIENCY OF THE COMPLAINT

## A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.*

at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

The Complaint in this case relates to proceedings in New York state court regarding Plaintiff's children.  *See generally* Compl.  Those proceedings are alleged to have begun in May 2013 with the commencement of child abuse proceedings against the mother of Plaintiff's children.  *Id.* at p. 4.  Plaintiff alleges that he first became aware of these proceedings in September 2015.  *Id.* at p. 5.  Plaintiff claims he attempted to discuss the matter with Defendants Fitzgerald and Hurley who refused to respond to his requests and that they ultimately withdrew the abuse allegations over his objection.  *Id.*

Plaintiff also appears to allege that Fitzgerald and Hurley interfered with proceedings filed on Plaintiff's behalf regarding visitation with his children between 2016 and 2019.  *Id.* at pp. 5-6.  Further abuse and visitation proceedings are alleged to have taken place between 2019 and 2021 at which Defendant Gardener is alleged to have represented the mother of Plaintiff's children.  *Id.* at pp. 7-8.

The Complaint asserts nine causes of action alleging the violation of various constitutional and state law rights. *Id.* at pp. 9-14. It seeks monetary damages in excess of twenty million dollars. *Id.* at p. 14-15.

### C. Analysis of the Complaint

The scope of review here is limited to whether Plaintiff has alleged an arguable claim, not whether Plaintiff can ultimately prevail. The Complaint, at least in some measure, alleges arguable claims insofar as it asserts the denial of due process rights related to visitation with Plaintiff's children. *See generally Troxel v. Granville*, 530 U.S. 57, 65 (2000) ("the interest of parents in the care, custody, and control of their children - is perhaps the oldest of the fundamental liberty interests recognized by this Court."). As pled, however, the Complaint presently is insufficient to withstand initial review.

A court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and]

prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).

A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). Here, while Plaintiff has stated relevant facts with some specificity the Complaint fails to connect those facts with specific legal causes of action. Instead, the Complaint alleges violations of his rights in generally conclusory terms. To the extent Plaintiff attempts to plead a *Monell* theory of liability against Schenectady County, he does so in an entirely conclusory manner. Additionally, the Complaint names at least one Defendant, Letitia James, against whom no factual allegations are made.

"[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend. If granted leave to do so, Plaintiff's Amended Complaint should state with particularity the causes of action

asserted, specifically identify the factual basis for each claim, and identify against which Defendant(s) each cause of action is asserted.

Where, however, the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). As to two aspects of the Complaint, the Court recommends that dismissal be with prejudice and that any amended complaint that Plaintiff be permitted to file should not include these claims.

First, certain claims are barred by the applicable statute of limitations. The statute of limitations for a section 1983 action in New York is three years. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). "[A] cause of action under section 1983 accrues 'when the plaintiff knows of or has reason to know of the injury which is the basis of his action.'" *Walker v. Cuomo*, 2012 WL 4490760, at *2 (E.D.N.Y. Sept. 27, 2012) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Many of the factual allegations and certain of the specifically identified causes of action relate to state court proceedings dating back to 2013 and going through 2017. Compl. at pp. 4-7. Claims related to those events are clearly barred by the statute of limitations and must be dismissed.

In addition, Plaintiff has named New York's Office of Children and Family Services (OCFS) as a Defendant. Under clearly established law, the Eleventh Amendment provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to

the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001). "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 219-20 (N.D.N.Y. 2014) (citation omitted); *see also Slominski v. NYS Office of Mental Health*, 2018 WL 6977339, at *3 (N.D.N.Y. Dec. 6, 2018); *Phillips v. New York*, 2013 WL 5703629, at *3 (N.D.N.Y. Oct. 17, 2013) ("New York has not waived its sovereign immunity in § 1983 lawsuits, nor has Congress abrogated the State's immunity.") (citing *Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013)). Plaintiff's claim against the agency, therefore, is barred by Eleventh Amendment immunity.

As a result, the Court recommends that OCFS and all claims predating 2019 be dismissed with prejudice, but that the remainder of the Complaint be dismissed without prejudice to the filing of an amended complaint.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 15, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).