UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AARON WELCH, SR.,

                       Plaintiff,

       v.                                         1:22-CV-9
                                                          (DNH/DJS)

SCHENECTADY COUNTY, *et al.*,

                       Defendants.
_____

**APPEARANCES:**

AARON WELCH, SR.
Plaintiff, *Pro Se*
14-B-149
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Presently before the Court for review under 28 U.S.C. §§ 1915(e) & 1915A is the Amended Complaint, Dkt. No. 11, filed following the District Court's Order dismissing the Complaint with leave to amend. Dkt. No. 10. This Court previously set forth at length the legal standards for review under those statutes, Dkt. No. 8, Report-Recommendation at pp. 2-4, and so those standards will not be repeated here.

- 1 -

In this Court's Report-Recommendation relating to the initial Complaint, dismissal of all claims predating 2019 was recommended based on the expiration of the applicable statute of limitations. Report-Recommendation at pp. 7 & 8. The District Court adopted the Report-Recommendation in its entirety. Dkt. No. 10. Though the Amended Complaint fails to offer much in the way of specific factual allegations, it appears that it continues to assert claims related to prior Family Court proceedings that have already been dismissed as untimely. Plaintiff now contends that he is entitled to equitable tolling based upon Plaintiff's filing of other court actions at the time of events at issue. Am. Compl. at p. 7.

"The doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that '[he] has been pursuing [his] rights diligently' and that some 'extraordinary circumstance stood in [his] way.'" *F.B. by Galbato v. Berryhill*, 2018 WL 5777768, at *3 (N.D.N.Y. Nov. 2, 2018) (quoting *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005)) (internal alterations omitted). "Equitable tolling is available only in 'rare and exceptional circumstances,' where a court finds that 'extraordinary circumstances' have prevented a party from filing his or her claims within the statute of limitations." *Myers v. People of the State of New York*, 2016 WL 538470, at *4 (N.D.N.Y. Feb. 9, 2016); *see also Rosenwasser v. Fordham Univ.*, 772 F. App'x 1, 3 (2d Cir. 2019). Plaintiff appears to base his entitlement to equitable tolling on the fact that he previously had other actions pending. Am. Compl. at p. 7. The fact that he concededly attempted to

litigate claims undercuts, rather than supports his claim for tolling. The fact that he was pursuing other legal avenues shows that he was not being prevented from filing litigation, thus cannot show his entitlement now, years after the expiration of the limitations period, to equitable tolling. *Myers v. People of the State of New York*, 2016 WL 538470, at *4. The Court, therefore, again recommends that all claims predating 2019 be dismissed as untimely.

On the merits, the Amended Complaint identifies five substantive causes of action. Am. Compl. at pp. 7-11.[1] Each is considered below.

Plaintiff first asserts a claim under the Eighth Amendment because his status an inmate was purportedly used against him in Family Court proceedings. *Id.* at p. 7. "The Eighth Amendment provides that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. The cruel and unusual punishments clause protects inmates from the use of excessive force and from prison officials' deliberate indifference to inmates' serious medical needs." *Nash v. McGinnis*, 585 F. Supp. 2d 455, 459 (W.D.N.Y. 2008) (internal quotations and alterations omitted). None of those interests are implicated by Plaintiff's allegations and so the Court recommends that this claim be dismissed.

---

[1] The pleading actually identifies six causes of action, but one is limited exclusively to Plaintiff's assertion of equitable tolling. Am. Compl. at p. 7.

Plaintiff next alleges a conspiracy among the Defendants to violate his rights to due process and familial association. Am. Compl. at p. 8. The conspiracy is pled in entirely conclusory terms, however. "To sustain a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant acted in a wilful manner, culminating in an agreement, understanding or meeting of the minds, that violated the plaintiff's rights . . . secured by the Constitution or the federal courts. Conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief under section 1983." *O'Neil v. Bebee*, 2010 WL 502948, at *9 (N.D.N.Y. Feb. 10, 2010) (internal citations and quotation marks omitted); *see also Vega v. Artus*, 610 F. Supp. 2d 185, 205 (N.D.N.Y. 2009) (applying same standard to section 1985 conspiracy claim). "For purposes of a court's review under section 1915(e) . . . it is not sufficient merely to [allege] the existence of a conspiracy in wholly conclusory terms." *McIntyre v. Battisti*, 2016 WL 791467, at *5 (N.D.N.Y. Feb. 4, 2016), *report and recommendation adopted*, 2016 WL 799334 (N.D.N.Y. Feb. 29, 2016). Plaintiff has failed to offer anything more than conclusory allegations of a conspiracy and his claims should, therefore, be dismissed. *See Wilson v. Cty. of Onondaga*, 2021 WL 5971316, at *9 (N.D.N.Y. Apr. 21, 2021), *report and recommendation adopted*, 2021 WL 5967130 (N.D.N.Y. Dec. 16, 2021).

Next, Defendant asserts an ineffective assistance of counsel claim against Defendant Martin who is alleged to have been Plaintiff's public defender. Am. Compl.

at pp. 2 & 9.  This claim is also subject to dismissal.  A public defender is not a state actor as required for a claim under section 1983.  *See Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005) (citing cases).  In addition, a section 1983 action "is not the appropriate vehicle to raise a claim of ineffective assistance of counsel."  *Murphy v. Feliciano*, 2017 WL 3699353, at *7 (D. Conn. May 31, 2017); *see also Magassouba v. Cascione, Purcigliotti & Galluzzi, P.C.*, 2021 WL 4692990, at *4 (S.D.N.Y. June 14, 2021), *report and recommendation adopted as modified*, 2021 WL 4198219 (S.D.N.Y. Sept. 15, 2021).  This claim, therefore, should be dismissed.

The final claim asserted against individual Defendants is for a violation of equal protection, apparently because Plaintiff alleges actions were taken solely because of his status as an inmate.  Am. Compl. at p. 9.  This claim too is subject to dismissal as conclusory.  It is unclear what action Plaintiff claims was taken to violate his rights or when.  A "wholly conclusory assertion fails to allege an equal protection violation."  *Barnes v. Starks*, 1996 WL 648956, at *5 (S.D.N.Y. Nov. 6, 1996).

The final cause of action is a *Monell* claim against Schenectady County.  Am. Compl. at p. 9.  Given the recommendations above, that all other causes of action be dismissed, the Court also recommends that the *Monell* claim be dismissed.  "[T]here is no municipal liability where, as here, there is no underlying violation."  *Marvin v. Peldunas*, 2022 WL 2125851, at *2 n. 1 (2d Cir. June 14, 2022); *see also Lemon v. New York City Hous. Auth.*, 2009 WL 4800108, at *4 (E.D.N.Y. Dec. 10, 2009) (citing cases).

For the reasons set forth above, the Court recommends dismissal of the Amended Complaint in its entirety.  "[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).  However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases). Here, Plaintiff was provided a prior opportunity to amend.  Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when [he] took no steps to do so with h[is] first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases).  Under the circumstances presented here, the Court recommends that the Amended Complaint be dismissed with prejudice.

    **ACCORDINGLY**, it is hereby

    **RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: August 10, 2022
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).