UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON WELCH, SR.,

        Plaintiff,

    -v-                   1:22-CV-9

SCHENECTADY COUNTY,
SUSAN FITZGERALD,
Child Protective Services
Caseworker/Employee,
SUSANNA HURLEY,
Schenectady County Dept of
Social Services Supervisor,
CHRISTOPHER GARDENER,
Schenectady County Attorney,
JAMES LETITIA, New York
State Attorney General, and
NYS OFFICE OF CHILDREN
& FAMILY SERVICES,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:               OF COUNSEL:

AARON WELCH, SR.
Plaintiff, Pro Se
14-B-0149
Great Meadow
   Correctional Facility, Box 51
Comstock, NY 12821

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On January 5, 2022, *pro se* plaintiff Aaron Welch, Sr. ("plaintiff") filed this civil action alleging that defendants violated his rights in connection with some pending child abuse proceedings in state court. Dkt. No. 1. Although plaintiff's case was initially closed based on his failure to comply with the filing fee requirements, Dkt. No. 4, the Clerk of the Court reopened the matter after plaintiff filed an application to proceed *in forma pauperis* ("IFP Application"), Dkt. Nos. 4, 6. Thereafter, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application. Dkt. No. 7.

However, on March 15, 2022, Judge Stewart recommended by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with leave to amend. Dkt. No. 8. As Judge Stewart explained, a broad reading of the complaint suggested that plaintiff had, "at least in some measure, allege[d] arguable claims" related to "the denial of due process rights" based on "visitation with Plaintiff's children." *Id*.

But because plaintiff only "allege[d] violations of his rights in generally conclusory terms" and named certain defendants who were shielded by immunity doctrines or the statute of limitations, Judge Stewart recommended that plaintiff be given leave to replead his claims with additional factual specificity. *See id*.

This Court adopted Judge Stewart's R&R over plaintiff's objections on April 4, 2022.  Dkt. No. 10.  Thereafter, plaintiff filed an amended complaint.  Dkt. No. 11.

On August 10, 2022, Judge Stewart advised by R&R that plaintiff's amended complaint be dismissed, but this time without leave to further amend.  Dkt. No. 13.  As Judge Stewart explained, none of plaintiff's various causes of action gave rise to any plausible claims for relief.  *Id*.

Plaintiff has filed objections.  Dkt. Nos. 14–15.  Upon *de novo* review of the portions to which plaintiff has objected, the R&R will be accepted and adopted in all respects.  28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED; and

2. Plaintiff's complaint is DISMISSED with prejudice.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

Dated: August 30, 2022
      Utica, New York.

_____
David N. Hurd
U.S. District Judge